UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY ROLES, | No. 2:16-cv-3040 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BUTTE COUNTY, et al., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id.

The instant petition was filed with the court on December 28, 2016. Petitioner was arrested on September 12, 2016, and is awaiting trial; thus he has not yet been convicted or sentenced in People v. Roles, Case No. 16CF04343 (Butte County Superior Court). (ECF No. 1 at 2.) Petitioner claims he was arrested to interfere with his ability to challenge a change of

1

1  custody order for his six year old son from petitioner to his ex-wife. He appears to allege that
2  Butte County is conspiring to deprive petitioner of custody of his son. (ECF No. 1 at 3.) In his
3  second ground, petitioner pleads "professional negligence, child abuse, harassment, and
4  emotional distress to petitioner and his son." (ECF No. 1 at 4.) Petitioner states his son initially
5  lived with petitioner, with the mother having the son on weekends, but after the minor was
6  appointed an attorney, sole custody was granted to the mother, despite 5 of 6 unidentified tests
7  coming back positive.[1] Petitioner contends such placement puts his son in danger. (ECF No. 1 at
8  11.) Petitioner names Butte County and Jennifer Beck as respondents.[2] (ECF No. 1 at 1.)

      A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to the validity or length of his sentence, but challenges to a prisoner's conditions of confinement must be brought through a civil rights action. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (adopting "the Supreme Court's strong suggestion that a § 1983 action is the exclusive vehicle for claims that are not within the core of habeas."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

      State court records in Butte County Case No. 16CF04343 confirm that felony charges are pending against petitioner, he is represented by counsel, and is scheduled for preliminary hearing on February 2, 2017. Id., www.buttecourt.ca.gov, accessed January 30, 2017. Review of the instant petition demonstrates that petitioner does not challenge a criminal conviction or the execution of his sentence. Even if the court construed the petition as a challenge to the pending

---

[1] Petitioner provided page two of a Gridley-Biggs Police Department form printed on September 14, 2016, listing various driver's license suspensions, revocations and restrictions based on drunk driving (no drugs), but there is no name printed on the form, and petitioner did not provide page one. In addition, he wrote across the top, "My Ex-wife's attorney." (ECF No. 1 at 9.) Thus, it is unclear to whom the record pertains.

[2] Petitioner's civil rights complaint, Roles v. State of California, et al., Case No. 2:16-cv-2841 DB P (E.D. Cal.), also naming Jennifer Beck and Butte County as defendants, is pending. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

criminal charges, this court would have to abstain from addressing such a challenge. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances not present here. See id.

Here, petitioner seeks to challenge the state court's custody order and have his son returned to his custody. A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). The fact that the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

The allegations in the petition raise improprieties related to custody proceedings and domestic relation orders. Petitioner does not raise a general federal challenge to state law. See

Branson, 62 F.3d at 292.  Stripped to its essence, this action is one for federal court review of state court proceedings.  The court finds the petition amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions.  Accordingly, the court recommends this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.[3]  Because this court lacks subject matter jurisdiction over the claims alleged, the court declines to recommend that petitioner be granted leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction; and

2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

////

---

[3] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees."  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction).  "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."  Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others).  In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife.  See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

In Coats, the plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children.  Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers.  She specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3).  Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction.  Like Coats, this case is at core a child custody dispute.  See id. at 237.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 1, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/role3040.156.rooker